UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE FLEISHMANN | CIVIL ACTION |
| VERSUS | NO. 06-8486 |
| UNITED FIRE AND CASUALTY COMPANY | SECTION "N" (3) |

### ORDER AND REASONS

Presently before the Court is Defendant's Motion in Limine to Exclude Witness and Exhibit (Rec. Doc. No. 10). Defendant seeks to preclude Jeffrey Long, of Premier Property and Construction, from testifying at trial. Defendant also seeks to preclude Plaintiff's introduction of the December 15, 2007 Premier Property and Construction work proposal that is attached as Exhibit "1" to Defendant's supporting memorandum. Defendant's requests stem from the fact that this witness and document were not put forth in compliance with the deadlines established in the Court's April 11, 2007 scheduling order (Rec. Doc. No. 5).

Rule 16(b) of the Federal Rules of Civil Procedure allows scheduling orders to be amended for good cause. *See* Fed. R. Civ. P. 16(b). In reviewing a determination that a requested extension should not be allowed and certain evidence therefore excluded, the Fifth Circuit considers four factors: (1) the explanation for the failure to comply with the deadline; (2) the importance of the testimony or other evidence to be utilized; (3) the potential prejudice in allowing the proposed evidence; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v.*

*Louisiana Land and Exploration Co.* 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

Applying these factors to the circumstances of the present dispute, **IT IS ORDERED** that Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, Plaintiff shall be permitted to offer the expert testimony of Mr. Stephen Fleishmann *or* Mr. Jeffrey Long, but not both.  To allow both Mr. Fleishmann *and* Mr. Long to testify, given Plaintiff's belated presentation of Mr. Long and the Premier proposal, would result in unfair advantage to Plaintiff and undue prejudice to Defendant.

Plaintiff shall inform Defendant of her expert selection on or before <u>Wednesday, January 23, 2008, at 3:00 p.m.</u>  If Plaintiff chooses to have Mr. Long serve as her expert, she must make him available for deposition, at Defendant's request, on or before <u>Saturday, January 26, 2008, at 10:00 a.m.</u>, or as agreed by the parties.  Otherwise, Plaintiff shall not be allowed to introduce Mr. Long's testimony or the Premier proposal at trial.

New Orleans, Louisiana, this  22nd  day of January 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE